NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1750
_____

ANDRES CAAL-MO,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA A205-526-197)
Immigration Judge: Hon. Rosalind K. Malloy
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2018

Before:   JORDAN, ROTH, *Circuit Judges* and STEARNS\*, *District Judge.*

(Filed:  January 22, 2018)
_____

OPINION\*\*
_____

_____

\* Honorable Richard G. Stearns, United States District Court Judge for the District of Massachusetts, sitting by designation.

\*\* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

STEARNS, *District Judge*.

Petitioner Andres Caal-Mo appeals a ruling of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) determination that he is ineligible for relief under the Convention Against Torture (CAT)[1]. We discern no error.

## I. Background

Caal-Mo, a citizen of Guatemala, entered the United States illegally in April of 2007. On December 5, 2012, the Department of Homeland Security (DHS) ordered him to appear before an Immigration Judge. On November 5, 2013, petitioner appeared with counsel and conceded removability; however, he applied for asylum, withholding of removal, and a deferral of removal under CAT. Caal-Mo's application for protection was based on a series of apparently threatening letters, text messages, and telephone calls received by Caal-Mo and his girlfriend from unknown persons in Guatemala.

On March 10, 2016, the IJ entered an oral decision denying Caal-Mo's applications and ordering his removal to Guatemala. With respect to the CAT claim (the only issue raised in this appeal), the IJ found that Caal-Mo had "failed to demonstrate that it is more likely than not that he would be tortured if removed to Guatemala for any reason by anyone." (Certified Admin. Record at 67). The BIA agreed, discerning "no clear error" in the IJ's findings "that the threats received by [petitioner] and [his girlfriend] were from anonymous sources" and that "the threatening communications were unclear regarding the anonymous sources' motivations for targeting" petitioner.

---

[1] Convention against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, *opened for signature* Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85.

(Certified Admin. Record at 4). In dismissing the appeal, the BIA found that "[i]nsofar as [Caal-Mo] has not demonstrated the sources' motive for targeting him, he has not established that the torture he fears would . . . fall within the CAT." (Certified Admin. Record at 4). This petition for review ensued.

## II. Discussion

When the BIA adopts an immigration judge's decision and reasoning, we review both rulings. *See Quao Lin Dong v. Att'y Gen.*, 638 F.3d 223, 227 (3d Cir. 2011). We apply a deferential standard of review to CAT claims, under which "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and we will not overturn a BIA decision as long as it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Alimbaev v. Attorney General*, 872 F.3d 188, 196 (3d Cir. 2017).

To establish eligibility for CAT protection, a petitioner must demonstrate that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Torture is defined as "an extreme form of cruel and inhuman treatment" that is "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1)-(2). A petitioner must make a particularized showing of how he or she is threatened with torture as it is defined (including the required involvement or condonation of government officials in the country concerned). "[R]eports of generalized brutality within a country do not necessarily allow an alien to sustain his/her burden

3

under the Convention Against Torture." *Zubeda v. Ashcroft*, 333 F.3d 463, 478 (3d Cir. 2003).

Caal-Mo concedes the uphill battle he faces on appeal given the unattributable and ambiguous nature of the threats that he reports, acknowledging that "the evidence is clear and unambiguous that threats of death and kidnapping have been made by persons whose identities are unknown to Petitioner." Pet'r's Br. at 16. The threatening messages strike no consistent chord: some refer to Caal-Mo's girlfriend as a "freeloader," App. at 86, one threatened Caal-Mo's son with kidnapping (it is unclear whether the son lives in the United States or Guatemala), while others appear to be of an extortionate nature, referencing Caal-Mo's presumed financial well-being as a U.S. resident. Caal-Mo speculates in his briefing that the threats have originated varyingly from an ex-girlfriend in Guatemala, her father, armed gangs seeking to shake him down, "a group of Mayans" watching his ex-girlfriend's house in Guatemala, or "peoples against whom he testified in connection with the murder of his cousin." Pet'r's Br. at 11-12. There is little by way of connection or coherence to these messages, much less any evidence of a sustained effort by government officials to inflict physical or financial harm on Caal-Mo and his family. The only thing clear from the record, as Caal-Mo admits, is that he "cannot identify exactly who is making the threats." *Id.* at 13.

There is no evidence in the record that the purported threats would be carried out "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1)-(2). The most that Caal-Mo offers in rebuttal is a letter from an assistant prosecutor in Guatemala reporting

4

that his office had opened an investigation into the threats and opining that, as long as the investigation remains pending, "it is not convenient, or recommendable," that Caal-Mo return to Guatemala. (App. at 53). This is hardly evidence of official acquiescence in any future threat of torture. *See Silva-Rengifo v. Att'y Gen.*, 473 F.3d 58, 69-70 (3d Cir. 2007) (noting that a successful CAT petitioner must "establish that the government in question acquiesces to torture by showing that the government is willfully blind" to the prospect of torture and "breach[es] their legal responsibility to prevent it.")

Here, there is no evidence that government officials in Guatemala knew of the source of the anonymous threats, much less that they would acquiesce to torture if Caal-Mo were to return to Guatemala. Consequently, we will deny the petition for review.

### III. Conclusion

For the foregoing reasons, we deny Caal-Mo's petition.